FILED

UNITED STATES DISTRICT COURT JUN 15 PM 2: 18
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION MIDDLE DIST OF FLORIDA
FT. MYERS, FLORIDA

DAVID CRUZ, an individual,

    Plaintiff,

vs.

CASE NO.:

BRADFORD TRI-COUNTY
MARKETING, INC., a Florida profit
corporation d/b/a BRADFORD FIRE
APPARATUS, JAMES M. BRADFORD,
an individual, and TAMMY L.
BRADFORD, an individual,

2:15-cv-353-FtM-38DNF

    Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, David Cruz ("Plaintiff"), by and through undersigned counsel, sues Defendants, Bradford Tri-County Marketing, Inc. d/b/a Bradford Fire Apparatus ("Bradford Fire Apparatus"), James M. Bradford ("James Bradford"), and Tammy L. Bradford ("Tammy Bradford") (collectively hereinafter, "Defendants"), and alleges as follows:

### INTRODUCTION

1. This is an action brought pursuant to the Fair Labor Standard Act of 1938, as amended, 29 U.S.C. § 201, *et seq.* ("FLSA") to recover unpaid overtime compensation, unpaid minimum wage compensation, liquidated damages, and attorneys' fees and costs owed to Plaintiff.

## **JURISDICTION AND VENUE**

1. This Court has jurisdiction over this claim pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216. This Court also has jurisdiction over the state claims pursuant to 28 U.S.C. § 1367.

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), as the events or omissions giving rise to the claims alleged herein occurred in Lee County, Florida

## **PARTIES**

3. Plaintiff was and is a resident and citizen of Lee County, Florida. From approximately June 15, 2014 through March 13, 2015, Plaintiff worked for Defendants in Lee County, Florida as a sales manager. Plaintiff's duties included, without limitation, selling fire trucks and equipment, preparing marketing and promotion materials for fire trucks and equipment, purchasing fire trucks and equipment, and maintaining fire trucks and equipment. From approximately June 15, 2014 through December 24, 2014 Defendants compensated Plaintiff at a rate of $10.00 per hour for the first forty (40) hours Plaintiff worked in a week. For the remainder of Plaintiff's employment, Defendant supposedly was compensating Plaintiff on a commissions-only basis; however, Defendant failed to provide Plaintiff any additional commissions. In other words, after December 24, 2014, Defendants failed to provide Plaintiff any compensation for his work.

4. As an employee of Defendants, at a minimum of at least at one time per week, Plaintiff routinely dealt with and communicated with out of state customers and potential customers.

5.      Defendant Bradford Fire Apparatus was and is a Florida profit corporation doing business in Lee County, Florida. Defendant Bradford Fire Apparatus sells and performs maintenance for new and used fire trucks and related equipment to fire departments and commercial businesses.

6.      Upon information and belief, Defendant Bradford Fire Apparatus is an enterprise engaged in interstate commerce, or in the production of goods for interstate commerce, with an annual gross volume of revenue not less than Five Hundred Thousand Dollars ($500,000.00).  Defendant Bradford Fire Apparatus markets and sells to fire trucks and related equipment to community and government agencies across the Country. Defendant Bradford Fire Apparatus also routinely engages in interstate credit card financial transactions, and otherwise obtains and sells fire trucks and equipment across state lines.

7.      Defendant James Bradford was and is an individual who owned and operated Defendant Bradford Fire Apparatus, and who regularly exercised the authority to: (a) hire and fire employees; (b) determine the work schedules for employees; and (c) control finances and operations. By virtue of having regularly exercised that authority on behalf of Defendant Bradford Fire Apparatus and over Plaintiff, Defendant James Bradford is an employer as defined by 29 U.S.C. § 201 *et seq.*

8.      Defendant Tammy Bradford was and is an individual who owned and operated Defendant Bradford Fire Apparatus, and who regularly exercised the authority to: (a) hire and fire employees, and (b) control finances and operations. By virtue of having regularly exercised that authority on behalf of Defendant Bradford Fire Apparatus and over Plaintiff, Defendant Tammy Bradford is an employer as defined by 29 U.S.C. § 201 *et seq.*

9.     At all times material, Plaintiff was an employee of Defendants pursuant to 29 U.S.C. § 203(e)(1); Defendants were the employer of Plaintiff within the meaning of 29 U.S.C. §§ 203(a) and (d); and Defendants employed Plaintiff within the meaning of 29 U.S.C. § 203(g).

10.     Defendants failed to maintain time records for Plaintiff in violation of the FLSA.

### COUNT I
### (Overtime Compensation Due Under the FLSA)

11.     Plaintiff re-alleges paragraphs 1 through 10 above as if set forth fully herein.

12.     On a weekly basis during the employment, Plaintiff worked in excess of forty (40) hours per week for Defendants.

13.     Defendants failed to provide any compensation to Plaintiff for any hours worked over forty (40) hours in a workweek.

14.     During the employment, Plaintiff worked for Defendants on average of 40 (forty) hours per week in the office, and on average of an additional ten (10) to twenty (20) hours, or more, per week at home doing work e-mails, website design, marketing videos, work calls, and any other work required.

15.     During his employment with Defendants, Plaintiff was not properly compensated at one and one-half (1 and 1/2) his regular rate for overtime hours worked. In fact, Plaintiff received no compensation whatsoever for any hours worked over forty (40) in a week.

16.     Despite working more than forty (40) hours in a workweek, Plaintiff did not receive overtime compensation at a rate not less than one and one-half (1 and 1/2) times his regular rate for such overtime hours.

17.     Defendants' failure to provide Plaintiff overtime compensation at a rate not less than one and one-half (1 and 1/2) times his regular rate for hours worked over forty (40) in a workweek constitutes a violation of the FLSA, 29 U.S.C. § 207.

18.     Defendants' violations of the FLSA were knowing and willful.

WHEREFORE, Plaintiff respectfully requests that this Court:

      a.    accept jurisdiction over this action;

      b.    award damages for the amount of unpaid overtime compensation owed to Plaintiff;

      c.    award liquidated damages, pursuant to 29 U.S.C. § 215(b), in an amount equal to the overtime compensation owed to Plaintiff;

      d.    award post-judgment interest and reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b);

      e.    entry of final judgment against Defendants;

      f.    declare that Plaintiff was a non-exempt employee of Defendants; and

      g.    award all other relief as the Court deems just and proper.

## COUNT II
### (Minimum Wage Compensation Due Under the FLSA)

20.     Plaintiff re-alleges paragraphs 1 through 10 as if set forth fully herein.

21. In addition to failing to properly compensate Plaintiff for overtime hours worked, Defendants failed to provide Plaintiff any compensation whatsoever for the hours he worked from approximately January 1, 2015 to March 13, 2015.

22. As a result of Defendants' actions in this regard, Plaintiff has not been properly compensated minimum wage for each hour worked for one or more weeks of employment with Defendants.

23. Defendants willfully failed to pay Plaintiff minimum wage for one or more weeks of work contrary to 29 U.S.C. § 206 because Defendants were well aware, or should have been well aware, of the minimum wage law requirements but continued their violations regardless.

24. As a direct and proximate result of Defendants' deliberate underpayment of wages, Plaintiff has been damaged in the loss of minimum wages for one or more weeks of work with Defendants.

25. Defendants' failure to provide Plaintiff compensation at least commensurate with federal minimum wage also constitutes a violation of the FLSA, 29 U.S.C. § 206.

26. Defendants' violations of the FLSA were knowing and willful.

WHEREFORE, Plaintiff respectfully requests that this Court:

    a. Accept jurisdiction over this action;

    b. Award damages for the amount required to provide Plaintiff federal minimum wage for all hours worked;

c.     Award liquidated damages, pursuant to 29 U.S.C. § 215(b), in an amount equal to the federal minimum wage compensation owed to Plaintiff;

d.     Award post-judgment interest, reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b);

e.     Entry of final judgment against Defendants; and

f.     Award all other relief as the Court deems just and proper.

## COUNT III
### (Breach of Contract/Bradford Fire Apparatus)

27.     Plaintiff re-alleges paragraphs 1 through 10 as if set forth fully herein.

28.     As part of the employment relationship, Defendant Bradford Fire Apparatus agreed to compensate Plaintiff at a rate of 10% of net profit per fire truck.

29.     Pursuant to this agreement, Plaintiff sold nine (9) fire trucks for Defendant Bradford Apparatus.

30.     Defendant Bradford Fire Apparatus breached the agreement by failing to provide Plaintiff commissions at a rate of 10% of net profit per fire truck.  In fact, Defendant Bradford Fire Apparatus failed to provide Plaintiff any commissions for his work.

31.     As a result of Defendant Bradford Fire Apparatus' breach of contract, Plaintiff sustained damages.

WHEREFORE, Plaintiff demands judgment for damages against Defendant Bradford Fire Apparatus for wages and compensatory damages, court costs, interest, attorneys' fees and costs (pursuant to section 448.08, Florida Statutes), and such further relief as the Court deems just and proper.

## COUNT IV
## (Unjust Enrichment/Bradford Fire Apparatus)

32.     Plaintiff re-alleges paragraphs 1 through 10 as if set forth fully herein.

33.     This is an action to recover back wages due, to wit, the recovery of compensation arising out of the employment relationship between Plaintiff and Defendant Bradford Fire Apparatus and for work performed by Plaintiff for Defendant.  Defendant Bradford Fire Apparatus promised to pay Plaintiff for the foregoing work through commissions at a rate of 10% of net profit per fire truck.

34.     Through Plaintiff's labor and services ("Plaintiff's Work") for Defendant Bradford Fire Apparatus, Plaintiff sold nine (9) fire trucks for Defendant and Plaintiff conferred a valuable benefit upon Defendant.

35.     Defendant Bradford Fire Apparatus had full knowledge of Plaintiff's Work, and accepted or retained the benefits of Plaintiff's Work.  Plaintiff has not received payment for the fair value of Plaintiff's Work.  Plaintiff has suffered harm by Defendant's refusal to pay Plaintiff the fair value of Plaintiff's Work.

36.     The circumstances are such that it would be inequitable for Defendant Bradford Fire Apparatus to retain the benefits of Plaintiff's work without paying Plaintiff the fair value of Plaintiff's work.

WHEREFORE, Plaintiff demands judgment for damages against Defendant Bradford Fire Apparatus for wages and compensatory damages, court costs, interest, attorneys' fees and costs (pursuant to section 448.08, Florida Statutes), and such further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff does hereby demand a Jury Trial on all issues and claims so triable.

Bradley P. Rothman, Esq.
Florida Bar No. 0677345
brothman@weldonrothman.com
WELDON & ROTHMAN, PL
7935 Airport-Pulling Road N. Suite 205
Naples, Florida 34109
Tel: (239) 262-2141
Fax: (239) 262-2342
*Counsel for Plaintiff*